George H. Paine, Appellant, *v.* The Trustees and Inhabitants of the Village of Delhi, Respondent.

Plaintiff is the owner of a lot abutting on one of defendant's streets. On an adjoining lot is a sewer running from the street through which surface water collected in the gutters of the street is conveyed away. Over the entrance to the sewer in the gutter defendant has placed an iron grate through which the water enters the sewer. In times of unusual storms or floods, leaves and other materials gather upon the grate and obstruct the passage of the water, which overflows the sidewalk on to the plaintiff's premises. In an action to restrain defendant from obstructing the water by means of the grate, it appeared that, in case it should be removed, it would leave an open hole into the sewer which would endanger the safety of the traveling public. *Held*, that the action was not maintainable; that even, although some better device than the grate might have been adopted, the municipality could not be made liable for error of judgment in this respect.

*Seifert* v. *City of Brooklyn* (101 N. Y. 136) distinguished.

*It seems* that if there was a neglect of duty upon the part of defendant in not keeping the grate or entrance to the sewer open and free for the passage of water, an action would lie to recover damages for injuries sustained.

(Argued June 25, 1889; decided October 8, 1889.)

Appeal from a judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 26, 1886, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*O. W. Smith* for appellant. The court erred in holding "defendants were only required to use reasonable care and skill in the construction of this sewer," and were, therefore, not liable. (*Noonan* v. *Albany*, 79 N. Y. 470 ; *McCormack* v. *Horan*, 8 id. 86 ; 101 id. 143.) Public officers cannot commit a trespass or nuisance upon the lands of another and be justified on the ground that they used reasonable care and skill. (*Nims* v. *City of Troy*, 59 N. Y. 500, 508 ; *Ballou* v.

*State*, 19 N. Y. S. Rep. 82; 111 N. Y. 496; *Barton* v. *Syracuse*, 36 id. 54.) Municipal corporations are liable for damages occasioned by acts resulting in the erection of public or private nuisances, or for an unlawful entry upon the premises of another. (*Seifert* v. *Brooklyn*, 101 N. Y. 143; *Nims* v. *City of Troy*, 59 id. 500; *B. & P. R. R. Co.* v. *Bap. Ch.*, 108 U. S. 317; *Noonan* v. *Albany*, 79 id. 470; Dillon on Mun. Corp. § 1051, sub. 3; Wood on Nuisances, 378, 398; Cooley on Torts, 579; *Broadwell* v. *Kansas City*, 65 Mo. 213; *Keating* v. *Cincinnati*, 38 Ohio, 141; *Gould* v. *Topeka*, 32 Kan.; 19 Alb. L. Jour. 175, 176; 15 id. 81; 15 Abb. N. C. 97; 41 Ill. 502; *Ashley* v. *Port Huron*, 35 Mich. 296, 301; *Thayer* v. *Boston*, 19 Pick. 511; *Lawrence* v. *Fairhaven*, 5 Gray, 110; *Beard* v. *Murphy*, 37 Vt. 98, 99; *Sleight* v. *Kingston*, 11 Hun, 398; 8 id 581; *Nevins* v. *Peoria*, 41 Ill. 502; *Aurora* v. *Reed*, 57 id. 29; *Mitchell* v. *E. R. Co.*, 36 Hun, 178; *Byrnes* v. *Cohoes*, 67 N. Y. 204; 8 Hun, 587.) A municipal corporation cannot, by any means or in any manner, create, with impunity, a public or private nuisance. (*Nichols* v. *Boston*, 98 Mass. 39; *Nevins* v. *Peoria*, 41 Ill. 504; *Jacksonville* v. *Lambert*, 62 id. 539; *Sleight* v. *Kingston*, 11 Hun, 594; 79 N. Y. 470.)

*George A. Fisher* for respondent. Reasonable and ordinary diligence is all that could be required of defendant's trustees in any event. (*Gorham* v. *Trustees, etc.*, 59 N. Y. 660; *Hume* v. *Mayor, etc.*, 47 id. 639; *Radcliff* v. *Mayor, etc.*, 4 id. 195; *Ring* v. *City of Cohoes*, 77 id. 83.) The corporation was bound to keep the street in a safe condition, and several witnesses testified that it would not be safe to leave the inlet uncovered. (*Hickok* v. *Trustees, etc.*, 16 N. Y. 161; *Hyatt* v. *Trustees, etc.*, 44 Barb. 391; *Turner* v. *City of Newburgh*, 109 N. Y. 301.) The drain is a private one, and while the village has always maintained a connection for the street ditches therewith, still there is neither statutory or common-law liability resting upon it so to do. (*Veeder* v. *Village*

*of Little Falls*, 22 Week. Dig. 420.) If no sewer had been maintained at the locality referred to, an action would not lie against the corporation. (*Mills* v. *City of Brooklyn*, 32 N. Y. 489; *Wilson* v. *Mayor, etc.*, 1 Denio, 595.) The use of ditches by the owner of adjoining premises creates no right or easement by prescription to have the ditches kept open for the discharge of the waters over the land of the lower proprietor. (*White* v. *Merrick*, 20 Week. Dig. 548; *White* v. *Chapin*, 12 Allen, 516; *Wiseman* v. *Lucksinger*, 84 N. Y. 31; *Parks* v. *Newburyport*, 10 Gray, 28; *White* v. *Spencer*, 14 N. Y. 247.) The failure of the plaintiff to show that the trustees had acted willfully and maliciously was fatal to his cause of action, although he may have suffered some damage by reason of such changes. (*Graves* v. *Otis*, 2 Hill, 466; *Radcliff* v. *Mayor, etc.*, 4 N. Y. 195; *Benedict* v. *Goit*, 3 Barb., 459; *Fellows* v. *City of New Haven*, 44 Conn. 240.) No action will lie for the obstruction of surface water, or for filling in its old bed, or changing or diverting its course, even if such change or obstruction cause it to set back upon another proprietor. (*Barkley* v. *Wilcox*, 86 N. Y. 141; *White* v. *Merrick*, 20 Week. Dig. 548; *Wiseman* v. *Lucksinger*, 84 N. Y. 31; *Goodale* v. *Tuttle*, 29 id. 459; 2 Dillon on Corp. 1067, § 1039; *Lynch* v. *Mayor, etc.*, 76 N. Y. 60; *Wilson* v. *Mayor, etc.*, 1 Denio, 595; *Mills* v. *Dean*, 32 N. Y. 489; *Flagg* v. *City of Worcester*, 13 Gray, 601; *Dickinson* v. *City of Worcester*, 7 Allen, 19; *Carr* v. *Northern Liberties*, 35 Penn. St. 324; *Grant* v. *City of Erie*, 69 id. 420.) No liability or duty rests upon the defendant to furnish any inlet whatever to the drain, and no action would lie in favor of the plaintiff if defendant had completely dammed the inlet up. (8 Wait's Act. and Def. 404; *Lynch* v. *Mayor, etc.*, 76 N. Y. 60.) A city is not bound to provide gutters of a capacity to carry off surface water that may accumulate and run down its streets in a storm of unusual and extraordinary character, not liable to occur in that locality. (*Allen* v. *City of Chippewa Falls*, 52 Wis. 430.) A city may exercise its discretion, subject to no review or question in any court,

whether it will build a sewer at any particular place, and, usually, it is within the discretion of the city what waters it will conduct into an existing sewer, and what drains it will connect therewith. (*Lynch* v. *Mayor*, etc., 76 N. Y., 60; 4 Wait's Act. and Def. 640.)

HAIGHT, J.   This action was brought to restrain the defendants from obstructing the water in the village ditch, and to prevent it from damming up and overflowing onto the plaintiff's premises.   The plaintiff is the owner of a lot on the southerly side of Main street, on which there is a building used as a printing office.   On an adjoining lot there is a sewer constructed from the street to the river, from which the surface water flowing in the gutters of the street is conveyed to the river.   Over the entrance to the sewer in the gutter of the street is placed an iron grate, through which the water enters the sewer.   Sometimes, in cases of unusual storms or floods, the leaves and other material gather upon the grate and obstruct the passage of the water through it into the ditch, so that the ditch fills with water which overflows the sidewalk onto the plaintiff's premises.   It does not appear that there is any collection of the surface water from the surrounding territory other than that collected upon the surface of the road-bed, or that the amount of water flowing in the gutter in front of the plaintiff's premises is any greater than that which naturally flowed there.   It is conceded that the sewer is sufficient to carry off all the water which accumulates and runs in the street, and it is not claimed but that the grate is of sufficient size to permit all of the water to pass through it when it is not clogged with leaves or other material.   It appears from the evidence that in case the grate should be removed it would leave an open hole from the surface of the street into the sewer, which would endanger the safety of the traveling public. Under these circumstances, it appears to us that the trial court properly held that the village authorities should not be restrained from maintaining the grate.   It is possible that some other device might be arranged so that the water would

enter the sewer from the curb under the sidewalk, instead of from the bottom of the gutter, but in that case, if there was no grate maintained, the leaves and other material would be carried directly into the sewer, and might serve to dam up and clog the flow of the water, and thus cause the same difficulty complained of. The grate is the device in general use in our principal cities and villages to prevent sticks, leaves and other material from entering the sewers, and we are not prepared to hold that it should be disapproved of and removed. Some allowance must be made for the judgment and discretion of the municipal officers.

In the case of *Urquhart* v. *City of Ogdensburg* (91 N. Y. 67–71), MILLER, J.; in delivering the opinion of the court, says that "The rule is well settled that where power is conferred on public officers or a municipal corporation to make improvements such as streets, sewers, etc., and keep them in repair, the duty to make them is *quasi* judicial or discretionary, involving a determination as to their necessity, requisite capacity, location, etc., and for a failure to exercise this power, or an erroneous estimate of the public needs, no civil action can be maintained, but when the discretion has been exercised and the street or improvement made, the duty of keeping it in repair is ministerial, and for neglect to perform such a duty an action by the party injured will lie."

The case of *Seifert* v. *City of Brooklyn* (101 N. Y. 136), we do not understand to be in conflict with the rule as here stated. In that case the surface water had been collected from a large territory, embracing nearly twenty-three hundred acres of land, which had not theretofore been drained over the plaintiff's land, involving the principle which has uniformly been invoked to prohibit corporations from constructing sewers, whereby the surface water of a large territory, which did not naturally flow in that direction, was gathered into a body and thus precipitated upon the premises of an individual, occasioning damage thereto. (See, also, *Mills* v. *City of Brooklyn*, 32 N. Y. 489; *Lynch* v. *Mayor, etc.*, 76 id. 60.)

As we have seen in this case, there was no collection of surface water, other than from the road-bed. The entrance into the sewer was constructed with a grate in accordance with the judgment and discretion of the officers of the village, and even though we were of the opinion some better device might have been adopted, the municipality would not be liable for their errors of judgment.

But we do not understand it to be seriously contended that the grate over the entrance to the sewer is improper, or that the damages arise from the maintaining of such grate. The trouble arises from permitting the grate to be covered with leaves and other debris which prevents the free passage of the water through it. The duty devolves upon the municipality of keeping its streets and gutters in repair, and this duty is ministerial and not judicial; and if there is a neglect to perform it, an action will lie for damages for the injury sustained.

But no such action is pending for our determination. The plaintiff, instead of bringing an action for damages sustained on the ground of negligence in not keeping the grate or entrance to the sewer open and free for the entrance of the water, has brought an action in equity for an injunction, in which there is no charge of negligence in not keeping the sewer in proper repair. The authorities upon which the appellant chiefly relies were actions for damages on account of negligence in not keeping the sewer in repair.

We are consequently of the opinion that the judgment should be affirmed, with costs.

All concur, except FOLLETT, Ch. J., not sitting.

Judgment affirmed.