SUSAN CASSIDY, Respondent, *v.* THE CITY OF POUGHKEEPSIE, Appellant.

*Negligence of a municipality in the care of its streets — cover of a sewer opening permitted to become dangerous — liability for personal injury.*

A municipality, in the exercise of care over its streets, should look after the effects arising from the ordinary incidents of the protracted use of a sewer basin cover in a sidewalk, likely to become dangerous in the course of time; and it is not relieved from this duty, or from liability to one who sustains a personal injury through its negligence in this respect, by the fact that the appliance may have been originally constructed by lawful authority, and that the municipality was not responsible for the adoption of the plan, or the actual building of the work.

APPEAL by the defendant, the city of Poughkeepsie, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Dutchess county on the 17th day of March, 1893, upon a verdict rendered at the Dutchess Circuit, and from an order denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover damages for a personal injury alleged to have been sustained by the plaintiff, while walking along the sidewalk on the south side of Duane street in the city of Poughkeepsie, through falling into the opening of a sewer silt basin in the sidewalk. It was claimed that the injury was caused by the negligence of the defendant, the city, in not having a proper covering over the top of the silt basin, and in leaving the cover in a dangerous condition.

The plaintiff recovered a verdict for $600, and from the judgment entered thereon this appeal is taken.

*C. B. Herrick,* for the appellant.

*J. F. Ringwood* and *J. Morschauser,* for the respondent.

PRATT, J.:

The trial judge gave this case to the jury upon the simple question of whether the plaintiff had suffered her damages through the neglect of the defendant to discharge its duty to care for the safety of the public streets in respect to that portion of Duane street through an opening in which the plaintiff had fallen.

This was a plain issue upon a sound basis of law, from the determination of which by the jury, the defendant is not relieved by the argument and authorities presented by its learned counsel.

The sewer basin and its cover were constructed in 1876. Granting that the city was not responsible for the action of the water commissioners, either in the adoption of the plan or the actual building of the works, it by no means follows that it could wholly neglect, for a period of fifteen years, to look after the safety of the street so far as it was affected by the structure erected, and remain free from all responsibility. It would seem that the cover or bridge was fit and adequate for many years, and evidence was given upon

the trial to show that its instability had arisen from the ordinary incidents of protracted use. Common prudence dictated that the city, in the exercise of care over its streets, should look after the effects of such use upon a structure quite likely to become dangerous in the course of time; and this duty was equally incumbent where the foothold had been originally constructed by lawful authority, as if it had been the work of trespass or the elements.

The trial judge appears to have concurred with the defendant's counsel in his views of the limitations upon municipal liability applicable to the case. The case rested, and its trial was steadily conducted, upon the fundamental ground of the defendant's liability for its own negligence. The jury, thus guided, found the facts sufficient to make out the plaintiff's case, and we see no reason why their verdict should be disturbed.

The judgment must be affirmed, with costs.

DYKMAN, J., concurred.

Judgment and order denying new trial affirmed, with costs.