## VAN WIE v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department.   February 11, 1898.)

1. RESTIVE HORSE—ACCIDENT TO DRIVER—CONTRIBUTORY NEGLIGENCE.
   A spirited horse, which was being driven through a street, was somewhat restive when passing trolley cars, but was under control.   The bell of an approaching car was suddenly sounded, and the horse shied, the buggy striking against a lamp post near the curb.   *Held*, that it was a question for the jury whether the driver was negligent in attempting to pass the car.

2. MUNICIPAL CORPORATIONS—LOCATION OF LAMP POST—NEGLIGENCE.
   Where a city in good faith exercises its discretion in locating a street lamp post, it is not chargeable with negligence, as failing to give the public complete protection against possible accidents resulting from such location.

3. SAME.
   The fact that no light is placed on the post at the time, but it is set to anticipate future need of the city, is not material.

Appeal from trial term.

Action by Martin D. Van Wie against the city of Mt. Vernon. From a judgment in favor of plaintiff entered on the verdict of the jury, and from an order denying defendant's motion for a new trial, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William J. Marshall, for appellant.
Charles H. Noxon, for respondent.

HATCH, J.   This action is brought to recover damages for injuries claimed to have been received through the negligent act of

the defendant. There is little, if any, dispute in the evidence, and the case may be disposed of upon a well-settled principle of law. The plaintiff was driving through Third street, in the city of Mt. Vernon, with a horse attached to a buggy, in which was seated his wife and himself. Trolley cars ran upon this street, and, as he approached the corner of Third and Haight streets, he observed a trolley car approaching. The horse was a high-spirited animal, and somewhat restive when passing the cars. As the car came near to the plaintiff, it sounded its bell loudly, and the movements of the horse brought the hind wheel and the box of the buggy on either side of a lamp post, standing upon the corner, which resulted in tearing the wheel from the buggy, throwing the occupants' upon the street, and the plaintiff sustained the injuries of which he now complains. Although the horse was somewhat spirited, shied at the trolley cars, and ran away upon this occasion, we do not think that contributory negligence of the plaintiff can be affirmed as matter of law, either in driving the horse, or concluding to meet and pass the car, under the circumstances developed by the trial. The plaintiff had the horse under control, and there was nothing to lead a person, reasonably prudent and careful, to think that he would not continue to be, or that he would not have been, controlled had he not come in contact with the lamp post. Ring v. City of Cohoes, 77 N. Y. 83. The jury were authorized to say that what caused the horse to make the movement which he did was the sudden and loud ringing of the bell upon the car. The court was therefore so far correct in holding that the question of contributory negligence was for the jury.

Upon the question of the defendant's negligence, however, we think that the judgment cannot be upheld. The only evidence upon which the respondent claims that negligence of the city can be predicated is in the maintenance of the lamp post upon the corner. This post was placed by the gas company, having a contract with the defendant for lighting its streets, as directed by the defendant, and in pursuance of a resolution by its common council. It appears that it was placed in the same relative position to the curb of the street as all of the other posts upon the street, and stood six inches inside the curb line. The setting of this post, therefore, was in the prosecution of a public improvement, which the municipality had power to authorize. The manner of its exercise was committed to municipal discretion, and it was for it to say to what extent it would guard against possible accidents in placing the post. It may not be punished for not giving more complete protection to the public than it determines upon, when it acts in good faith, and is not controlled by some express statutory mandate requiring it to do otherwise. Urquhart v. City of Odgensburg, 91 N. Y. 67; Paine v. Village of Delhi, 116 N. Y. 224, 22 N. E. 405.

The only additional requirement is that in the construction of the work, and thereafter keeping the same in repair, due care shall be observed. There is no room for finding in this case that this accident occurred by reason of the structure having become out of repair. This rule necessarily prevents speculation, by proof, as to

whether the post should be set closer to the walk or nearer to the curb. Negligence may not be based on any such conjectures. Urquhart v. City of Ogdensburg, supra; Mills v. City of Brooklyn, 32 N. Y. 489–496. If it might be considered a question of fact, negligence could not be predicated of the manner in which this post was set. Dubois v. City of Kingston, 102 N. Y. 219, 6 N. E. 273. The fact that no light was placed upon the post until 1897 is of no consequence. The city was authorized by its charter (Laws 1892, c. 182, § 166, subsec. 29) to prosecute the work, and it might, in the proper exercise of its powers, anticipate the growth of the city and its future needs, and make reasonable provision therefor.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.