(78 App. Div. 422.)

MATTHEWS v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. January 23, 1903.)

1. SIDEWALKS—DEFECTIVE COAL HOLE—LIABILITY OF LANDLORD.
    Where a pedestrian is injured from a defect in a coal hole in a sidewalk, the adjoining premises being in charge of a tenant, the liability of the landlord depends on whether the coal hole was in a defective or unsafe condition at the time he parted with possession to the tenant.

2. SAME—EVIDENCE—SUFFICIENCY.
    In an action for injuries sustained by a pedestrian by falling into a coal hole in a sidewalk, the evidence *held* to justify a finding that the hole was in a dangerous condition at the time the owner of the adjoining premises leased them and parted with possession to his tenant.

3. SAME—LIABILITY OF CITY—CONSTRUCTIVE NOTICE.
    A city sued for injuries to a pedestrian, caused by his having fallen into a coal hole on a sidewalk, was only chargeable with such constructive knowledge of the method of construction of the hole attachments as would be acquired by properly inspecting the same from the street.

4. SAME—EVIDENCE—SUFFICIENCY.
    In an action against a city for injuries owing to a pedestrian having fallen into a coal hole in a sidewalk, the evidence *held* insufficient to show that the coal hole had been in such a defective condition that the defects could be determined from the outside, so as to charge the city with liability.

Appeal from trial term, New York county.

Action by Charles A. Matthews, an infant, by Charles M. Matthews, his guardian ad litem, against the city of New York and another. From a judgment for plaintiff, defendants appeal. As against the city of New York, reversed; as against the other defendant, affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Terence Farley, for appellant city of New York.
John J. Brady, for appellant Dugan.
John M. Ward, for respondent.

LAUGHLIN, J. The action is brought to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendants in suffering a coal hole and the covering thereto in the sidewalk in front of premises No. 1901 Washington avenue, in the city of New York, to remain in a defective condition dangerous to public travel. The accident occurred at about half past 9 o'clock in the evening of the 2d day of March, 1901. The appellant Dugan was the owner of the abutting premises, for the convenience of which the coal hole was constructed. There was a building erected on the premises, and on the 1st day of December prior to the accident Dugan rented the entire building, with appurtenances, to a tenant for the period of three years. The tenant used the first floor as a tailor shop. The hole was within three or four feet of the front of the store in the center of a flag stone about four feet square and a little toward the store from the regular line of travel

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. § 672.

of pedestrians passing along the sidewalk. The plaintiff was then 15 years of age. While lawfully passing along the sidewalk, he stepped upon the edge of the cover of this coal hole, which the evidence indicates was in place, and it tilted up, so that one edge was above the sidewalk and the other down in the hole, and let him into the hole astride of the cover, inflicting the injuries of which he complains. The jury, upon sufficient evidence, have found that the plaintiff was free from contributory negligence, and that question need not be considered. The action is for negligence, and it was tried upon that theory. The judgment, therefore, must be sustained for negligence, if at all, and cannot be supported on the theory that the condition of the sidewalk constituted a nuisance. The owner of the premises contends that he is not liable, for the reason that there is no evidence to support a finding that the accident was owing to a defect which existed at the time he leased and surrendered possession of the premises to his tenant. On this branch of the case the learned counsel for the respective parties do not seem to differ as to the law applicable. The liability of Dugan depends upon whether this coal hole or cover was in a defective or unsafe condition at the time he parted with possession to his tenant. This coal hole was round, and about the ordinary size of that class of coal holes. The cover was an iron disk. There is some rather indefinite evidence indicating that this disk rested in an iron rim, but the preponderance of the evidence is to the effect that there was no iron rim, and that the hole was made in the stone, the edges being beveled off so that the cover set into the stone resting on this beveled edge. In the month of June before the accident the building was raised, and the sidewalk in front was also raised about eight inches. The testimony of the mason who changed the grade of the walk was to the effect that when he finished the work the cover rested in the stone in such manner that it could be made fast below by a hook and chain, so that it could not be moved. He also testified that if a man stepped on this cover it would not turn, "even though it were loose," and that there was no appliance attached to the cover to prevent its sliding or moving other than the chain. The tenant testified that he was in the cellar and under this coal hole to get coal two or three days before the accident, and observed that "there was a chain attached to that coal cover,—the same chain as there is to-day,—with iron hooks. It was fastened to the coal cover. It was also driven into a wall where the chain is fastened. * * * I saw the chain there, fastened properly, the way it ought to be. * * * I did not see it slip. I never saw the coal hole slip." It was also shown that a week or ten days prior to the Thanksgiving preceding the time when Dugan's tenant went into possession, a girl 15 years of age met with a similar accident by stepping on the cover to this coal hole. There was positive testimony of witnesses who examined the cover to this coal hole immediately after the accident that there was no chain attachment to hold it in place, and that the beveled edges of the stone in which the cover rested were so worn that the cover was loose, and would slide and readily tip up on pressure from above. The owner of the premises while in possession thereof was chargeable

with knowledge of the method of construction of this coal hole, cover, and attachments, and with their condition. It is significant that he was not sworn as a witness in his own behalf. This evidence justified the inference that this coal hole was in a condition dangerous to public travel at the time the owner leased the premises and parted with possession. It was assumed that the coal hole was constructed by permission of the proper municipal authorities; but, even so, this evidence was sufficient to charge him with negligence and responsibility for the accident. Clifford v. Dam, 81 N. Y. 52; Whalen v. Gloucester, 4 Hun, 24. It does not necessarily follow, however, that the city was guilty of negligence. There was no evidence of actual notice to the city of the dangerous condition of the coal hole. Its liability depends upon whether it had constructive notice. The city was only chargeable with such knowledge of the method of construction of this coal hole, cover, and attachments as would be acquired by properly inspecting the same from the street. Smith v. Mayor, etc., 15 Wkly. Dig. 103; Hanscom v. City of Boston, 141 Mass. 242, 5 N. E. 249. It was under no obligation, as matter of law, to inspect the under side of the cover or attachments for fastening it below. There is evidence, as has been stated, indicating that the beveled edges of the stone in which the cover rested were badly worn, so that the cover was loose; but that testimony was given by witnesses who inspected the coal hole with the cover both on and off, and it does not satisfactorily indicate that with the cover in place it would be apparent from ordinary inspection that the stone was worn or the cover loose. No witness testified specifically that with the cover in place it was apparent by ordinary observation that the stone was worn, or that the cover was loose. One witness, however, did testify that immediately after the accident he put the cover in place, and that it tilted up of its own accord, which, if true, would be some evidence that the hole at that time was too large for the cover. It is not probable, however, that the coal hole had been for any great length of time in such a condition that the cover would tilt of its own accord, or such condition would have been observed by others passing along the walk, or in or out of the tenant's store. This testimony of this witness is also in conflict with that of an inspector and several policemen, who say it did not tip up when they stepped upon it shortly before the accident. We are of opinion, therefore, that the verdict is against the weight of the evidence as to the city's negligence, and that its motion for a new trial upon that ground should have been granted.

It follows that the judgment and order should be affirmed, with costs, as against the appellant Dugan, but should be reversed, and a new trial granted, as to the city, with costs to appellant to abide the event. All concur.