### PITMAN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. December 2, 1910.)

1. MUNICIPAL CORPORATIONS (§ 733*) — PUBLIC IMPROVEMENTS — NATURE OF DUTY TO CONSTRUCT AND MAINTAIN.

Where power is conferred on a municipal corporation to make public improvements, and keep them in repair, the duty to make them is quasi judicial or discretionary, involving a determination as to their necessity,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

capacity, location, etc., and, for a failure to exercise such power or an erroneous estimate of the public need, no civil action can be maintained, nor would an action lie for injuries from defects in the plan of construction, unless the plan as made and executed was not adopted by the authorities, but, when the discretion has been exercised and the improvement made, the duty of keeping it in repair is ministerial, and, for neglect to perform such duty, an action by one injured thereby will lie.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1547; Dec. Dig. § 733.*]

2. MUNICIPAL CORPORATIONS (§ 857*)—ESTABLISHMENT OF COMFORT STATION—INJURY TO PERSON USING—ACTION—QUESTION FOR JURY—NEGLIGENCE—REPAIR.

Where New York City authorities, under power expressly granted by Greater New York Charter (Laws 1901, c. 466) § 50, and section 383, subd. 12, established a comfort station in accordance with plans calling for rough-axed granite steps leading thereto without a handrail or tooling or protection of the steps by metal or rubber treads, and it appears that two years after the station was opened the steps were "pretty smooth," and that at the time of an accident from slipping thereon one year later they appeared very smooth, slippery, and damp, it was for the jury to determine in an action for the injuries, if they found that they were caused by the condition of the steps, whether such condition was due to the negligence of the city authorities in failing to tool the steps or otherwise protect the users thereof against slipping on them.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1812; Dec. Dig. § 857.*]

3. MUNICIPAL CORPORATIONS (§ 851*)—COMFORT STATION—DEFECTS—LIABILITY TO PERSON INJURED—NECESSITY FOR ACTUAL NOTICE.

It being incumbent upon the city authorities to exercise a reasonable degree of watchfulness under the circumstances, actual notice to them of the defective condition of the steps was not essential to their liability for the injury therefrom.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1808; Dec. Dig. § 851.*]

Action by Fanny Pitman, administratrix of Samuel Pitman, against the City of New York. There was a judgment for defendant, and plaintiff's exceptions were ordered to be heard at the Appellate Division in the first instance. Exceptions sustained, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and THOMAS, JJ.

Robert Stewart (Ralph G. Barclay, on the brief), for plaintiff.
James D. Bell, for defendant.

JENKS, J. The action is for negligence. At the close of the evidence the plaintiff was dismissed, judgment was directed for the defendant, and the exceptions ordered for hearing before us in the first instance.

The plaintiff's intestate, a man of mature years, descending the stairway of a comfort station in this borough, slipped, fell, and suffered fatal injuries. It is charged that the city negligently maintained the stairway in a dangerous and defective condition, in that it was not furnished with a handrail, and that the steps were sloping, smooth, and dangerous. The plaintiff gave evidence that tended to show that

either a handrail should have been provided, or that the steps which were of granite should have been tooled or guarded by rubber or metal treads.

Authority to provide for comfort stations is conferred upon the board of aldermen of the city and the president of a borough has cognizance of the control, location, establishment, care, erection, and maintenance thereof. Sections 50, 383, subd. 12, Greater New York Charter (Laws 1901, c. 466). It is conceded that this particular comfort station was duly authorized, and it appears that the plan of construction thereof neither included a handrail nor the tooling or protection of the steps by metal or rubber treads, but that the steps as built were rough-axed in accord with that plan. In Urquhart v. City of Ogdensburg, 91 N. Y. 67, 43 Am. Rep. 655, it is declared:

"The rule is well settled that where power is conferred on public officers or a municipal corporation to make improvements, such as streets, sewers, etc., and keep them in repair, the duty to make them is quasi judicial or discretionary, involving a determination as to their necessity, requisite capacity, location, etc., and for a failure to exercise this power or an erroneous estimate of the public needs no civil action can be maintained. But, when the discretion has been exercised and the street or improvement made, the duty of keeping it in repair is ministerial, and for neglect to perform such a duty an action by the party injured will lie. Hines v. City of Lockport, 50 N. Y. 238; Mills v. City of Brooklyn, 32 N. Y. 489; Lansing v. Toolan, 37 Mich. 152; Marquette v. Cleary, 37 Mich. 296; Darling v. Bangor, 68 Me. 112."

See, too, Paine v. Village of Delhi, 116 N. Y. 224, 22 N. E. 405, 5 L. R. A. 797. I think that this rule protects the defendant in the matter of construction, unless it appears that the plan as made and executed was not adopted by the authorities. The approval of the plan was as much a judicial act as the design of it. Urquhart's Case, supra; Clemence v. City of Auburn, 66 N. Y. 334; Collett v. Mayor, 51 App. Div. 397, 64 N. Y. Supp. 693. The plaintiff was bound to show the absence of such approval or adoption, but there is no evidence that tends to show such omission.

Upon the proof I think that the only cause of action upon which the plaintiff could rely rests upon the condition of the steps at the time of this accident. Comfort station is a nice euphemism for a public urinal designed for the use of travelers in the public street, and such a structure may, I think, be regarded as an appendage to such street. The authorities must have contemplated that the stairway would be in more or less constant use by the travelers in the street. This public urinal was opened in 1903. There is evidence that at the time of this accident in 1906 the steps appeared very smooth, slippery, and damp; that they were worn "pretty smooth" in 1905; that the entire surface of the steps save the lowest step was exposed to the atmosphere throughout the year; that travel upon them under such conditions made them smooth and slippery, and that they were not protected by metal or rubber treads, and that no handrail had been furnished. It was possible for the jury to find that the cause of the accident was the condition of the steps which I have described. And, if the jury would so find, then I think the further question would be presented whether such condition was due to the negligence in the matter of repair; i. e., whether the authorities

should have tooled the steps or otherwise protected the users of them against slipping upon them. For, as pointed out in Urquhart's Case, supra, the duty of repair is ministerial. See, too, Roe v. Mayor, 56 N. Y. Super. Ct. 298, 4 N. Y. Supp. 447; Cassidy v. City of Poughkeepsie, 71 Hun, 144, 24 N. Y. Supp. 523, affirmed 143 N. Y. 670, 39 N. E. 20. Actual notice was not essential, for it was incumbent upon the authorities to exercise a reasonable degree of watchfulness under the circumstances. McCarthy v. City of Syracuse, 46 N. Y. 194; Todd v. City of Troy, 61 N. Y. 506; Turner v. City of Newburgh, 109 N. Y. 301, 16 N. E. 344, 4 Am. St. Rep. 453. And the evidence is that the stairs were worn "pretty smooth" a year before the accident in question.

I think that the question of due care on the part of the plaintiff's intestate was for the jury. It appears that he had gone to his work that day, that the accident took place about 6 o'clock p. m., and that he was descending the steps slowly at the time of the accident, and that he attempted to save himself as he fell.

The plaintiff's exceptions are sustained, and a new trial is granted, costs to abide the event. All concur.