### DOUGHERTY v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

1. MUNICIPAL CORPORATIONS (§ 821*)—TORTS—DEFECTS IN SIDEWALK—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Plaintiff, 18 years of age, on her way to work, on a sidewalk crowded by people hurrying to and fro, the sidewalk being apparently safe, was not, as matter of law, guilty of contributory negligence, resulting in her

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

injury, from the sliding of a flagstone on which she stepped into an adjoining excavation.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1754–1756; Dec. Dig. § 821.*]

2. MUNICIPAL CORPORATIONS (§ 821*)—TORTS—DEFECTS IN SIDEWALK—NOTICE TO CITY.

A complaint for injuries from the sinking of a flagstone in a sidewalk and sliding into an adjoining excavation was properly dismissed, as against the defendant city, where there was no evidence of actual notice to the city of the unsafe condition of the sidewalk, and the uncontroverted evidence showed that the sidewalk appeared to be safe; the city not being chargeable with constructive notice of the defects.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 821.*]

3. MUNICIPAL CORPORATIONS (§ 821*)—TORTS—DEFECTS IN SIDEWALK—LIABILITY OF PERSON CAUSING DEFECT—QUESTION FOR JURY.

In an action for injuries from the sliding of a flagstone in a sidewalk into an adjoining excavation, evidence *held* to present a question for the jury as to the liability of the person making the excavation, on the ground of failure to protect the sidewalk by sheath piling or otherwise.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 821.*]

Appeal from Trial Term, New York County.

Action by Grace Dougherty, by guardian ad litem, against the City of New York and another. From a judgment, pursuant to a direction of the court, dismissing the complaint at the close of the evidence, plaintiff appeals. Affirmed as to the defendant City, and reversed and new trial granted as against defendant William Bradley.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, LAUGHLIN, and MILLER, JJ.

William H. Griffin (Martin T. Manton, on the brief) for appellant.

Loyal Leale (Theodore Connoly, on the brief), for respondent City of New York.

Max Altmayer, for respondent Bradley.

LAUGHLIN, J. About 8 o'clock in the morning of the 24th day of August, 1907, plaintiff was lawfully passing westerly along the southerly sidewalk of Delancey street, borough of Manhattan, New York, and when in front of No. 117, which is a little more than one block west of the Williamsburg Bridge, a flagstone, forming part of the sidewalk, upon which she stepped, sank into an excavation made by the defendant Bradley for the construction of the Williamsburg Bridge Loop Subway, carrying her down with it, and she sustained injuries, to recover for which this action was brought. She charges negligence on the part of the defendant Bradley, in leaving the sidewalk unsupported after making the excavation, and on the part of the city, in failing to discover that the walk was in a dangerous condition, and to restore it to a condition of safety, before the accident.

The dismissal of the complaint can be sustained only upon the theory that as matter of law the plaintiff was guilty of contributory negligence, or that no negligence was shown on the part of the defendants, which caused or contributed to the accident. It does not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

appear whether the defendant Bradley was the original contractor for the excavation for the subway, or a subcontractor, or with whom he contracted; nor were the plans for the work introduced in evidence. It appears to have been assumed, however, that the work was subway construction work, and was authorized. It was shown that the defendant Bradley did the excavation work, and that upon him primarily rested the duty of protecting the sides of the excavation, by sheathing or otherwise. Evidence was introduced, on the part of the defendant Bradley, tending to show that the work was carefully done, and that the side of the excavation, at the point where the accident happened, was properly protected by sheath piling; but that evidence was not uncontroverted. Evidence was offered on the part of the plaintiff tending to show that the southerly side of the carriageway of the street was excavated to about the curb line, or the line of the outer stones of the sidewalk, to a depth of 20 to 40 feet; that the side of the excavation next to the sidewalk was perpendicular; and that, at the point where the flagstone sank down and slid into the excavation, it was unprotected by sheathing or otherwise.

The street had been widened nearly 60 or 70 feet some years before, and in tearing down the old tenement buildings and stores, that occupied the space where the sidewalk now is, the cellars were filled or left filled in with rubbish, refuse, and barrels. This was the nature of the support of the sidewalk to the depth of about 10 feet, and it was plain to be seen, and was observed by those in charge of the excavation work for the defendant Bradley. The excavation work on the southerly side of the street had been finished from a month to six or seven weeks, and a bridge had been constructed by another contractor over the excavation, to accommodate the traffic, while the defendant Bradley was excavating the northerly side of the street, where the work was progressing at the time of the accident. The defendant Bradley had no part in the construction of the bridge work, but there is nothing to show that it in any way contributed to the accident. There is also evidence tending to show that the subway was to occupy one-half of the space under the sidewalk on the southerly side of the street, and that the sidewalk as well as the carriageway on the southerly side of the street at this point, for a distance of about 25 feet immediately easterly of the place where the accident occurred, consisted of planking, and there is evidence indicating that the excavation extended under this planking, and that it was into this excavation that plaintiff slipped; but there is a conflict in the evidence in this regard.

The uncontroverted evidence shows that the sidewalk and the side of the excavation where the accident occurred remained in the same condition from the time the defendant Bradley completed the excavation work on that side of the street until the accident. The permanent sidewalk at this point westerly of said planking consisted of three rows of flagstones, each about 3 or 4 feet square. The plaintiff first passed over this planking, forming the sidewalk, for a distance of some 25 feet, and she then stepped from the planking onto the outer flagstone of the walk, which instantly gave way. It had rained hard

the night before, had been raining during the morning, and was raining at the time of the accident. The evidence on the part of the plaintiff shows that the flagstone slipped into the excavation, carrying her with it, and that she went down about 20 or 25 feet. On the part of the defendant Bradley, the evidence tends to show that this made filling under the sidewalk settled down, owing to the rain forming a hole about 6 or 7 feet in depth back of the sheathing, and that neither the plaintiff nor the flagging went through the sheathing into the excavation. The uncontroverted evidence shows that the sidewalk appeared to be safe.

[1] The plaintiff was 18 years of age. She resided in Brooklyn, but was employed as a silk winder on Crosby street, and was on her way to work. The sidewalk was crowded by people hurrying to and fro. It is manifest that she was not guilty of contributory negligence as matter of law.

[2] There is no evidence of actual notice to the city of the conditions which rendered the sidewalk unsafe. In view of the fact that the sidewalk appeared to be safe, and that this was subway construction work, we are of opinion that on this evidence the city was not chargeable with constructive notice, and that, therefore, the complaint was properly dismissed as to it.

[3] If, as the evidence presented in behalf of the plaintiff indicates, Bradley excavated this street to a great depth close to the line of the sidewalk, without properly supporting the sidewalk by sheath piling or otherwise, in view of the nature of the support directly underneath the walk, which plainly appeared and was observed by those representing him, and such failure caused or contributed to the caving in of the sidewalk, then the jury could have held the defendant Bradley liable for negligence; for he owed a duty to the traveling public, at least, to exercise reasonable care to restore the sidewalk to a safe condition, if by the excavating he undermined or weakened its support. The case, therefore, should have been submitted to the jury as to him.

It follows that the judgment should be affirmed, with costs as to the city, and reversed and a new trial granted, with costs to appellant to abide the event, as against the defendant Bradley. All concur.