MARGARET SCHMIDT, an Infant, by LEONARD SCHMIDT, Her Guardian ad Litem, Respondent, *v.* THE CITY OF NEW YORK and BRADLEY CONTRACTING COMPANY, Appellants, Impleaded with NEW YORK RAILWAYS COMPANY, Defendant.

First Department, October 26, 1917.

Municipal corporations — negligence — injury to pedestrian by breaking of plank over excavation in street, city of New York — notice of defective condition must be shown — proof not justifying recovery — duty of contractor same as that of municipality.

The mere fact that planking which a municipal contractor, constructing a subway in the city of New York, placed above the excavation in place of pavement necessarily removed, broke under the weight of the plaintiff as she alighted from a surface car, does not establish the liability either

First Department, October, 1917.          [Vol. 179.

of the contractor or the city, for neither is an insurer of the safety of persons passing over such planked street.

In order to charge the defendants with responsibility there must be proof of notice to them, either actual or constructive, of the defective condition of the plank.

Evidence examined, and *held,* insufficient to charge either defendant with notice of the defect and that a judgment for the plaintiff should be reversed.

The temporary use of planking over such excavation is not a public nuisance maintained by the city where the method adopted and the means employed were in accordance with sound engineering practice.

The duty of the contractor is no greater than that of the municipality as respects the care of the street.

APPEAL by the defendants, The City of New York and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 4th day of December, 1916, upon the verdict of a jury for $2,250, and also from orders entered in said clerk's office on the 27th day of November, 1916, and the 2d day of December, 1916, respectively, denying defendants' motions for a new trial made upon the minutes.

*John F. O'Brien,* for the appellant The City of New York.

*Frederick L. C. Keating,* for the appellant Bradley Contracting Company.

*Peter Klein,* for the respondent.

SCOTT, J.:

The appellant Bradley Contracting Company holds a contract from the city of New York for the building of the Lexington Avenue subway at East Eighty-sixth street. In the prosecution of this work it was necessary to excavate Eighty-sixth street for a distance eastwardly from Lexington avenue. To do this the contractor removed the pavement, and substituted therefor a pavement of planking. It was proven without contradiction that this work was necessary to the execution of the contract; that it was done with the approval and under the direction of the Public Service Commission representing the city of New York, and that the work was done in the first instance with like approval, and in accordance with sound engineering practice. There are two

lines of street railway tracks laid in this portion of Eighty-sixth street. There is a discrepancy in the evidence as to how this planking was laid with reference to the railroad tracks, the plaintiff's story, which for the purposes of this appeal we accept, being that one or two planks were laid longitudinally next the outer tracks in the direction in which the tracks ran, the remainder of the street being covered with planks laid at right angles to the tracks running up to the curb.

Shortly after six o'clock on the evening of June 11, 1914, the plaintiff stepped from the platform of a street surface car on Eighty-sixth street, just east of Lexington avenue. She stepped on one of the planks running longitudinally along the car tracks, and as she did so the plank broke and her foot and leg slipped through. The happening of the accident, the extent of the injuries received and the reasonableness of the verdict are not seriously questioned by the appellants, nor is it claimed that plaintiff was guilty of contributory negligence.

This leaves to be determined only the question of appellants' negligence, and what we have to consider is the sufficiency of the evidence upon that question.

The mere happening of the accident does not establish the liability of either defendant, for neither is an insurer of the safety of persons passing over the planked street. Before either can be held responsible for the undoubtedly defective condition of the plank which broke, notice either actual or constructive must be brought home to it that the plank was defective. This is a well-established rule as to the municipality, and is a rule which has frequently been applied in cases like the present to a contractor engaged in work similar to that upon which the contracting company was engaged. Of actual notice to either appellant there is no evidence, so that the sole question left in the case is whether or not either is chargeable with constructive notice. Such notice will generally be found where the defect is visible and apparent, and has been in that condition so long that the city or the contractor is presumed to have seen it, or to have been negligent in failing to see it.

The difficulty with plaintiff's case is that, while we may

assume that the plank must have been defective in some way, else the accident could not happen as it did, yet the evidence is quite clear that no defect was visible or apparent. The accident happened in daylight and the plaintiff herself testified that she looked down on the street before she stepped off the car platform and saw no apparent defect in the planking; that the surface looked perfectly straight; that there was no hole in the planking and that she saw no part of the plank sagging or falling down; that everything looked all right to her.

A witness named Kennedy, called by plaintiff, testified that all the planks in the vicinity showed signs of wear, and that planks which have been down even for only a few days will show signs of traffic. He saw the end of the plank after the accident and estimated that it was worn " maybe an inch or so." It is clear that this was a mere guess, and not the result of measurement or close observation. He apparently observed no visible defect in the plank before the accident, or at least testified to none.

A witness named Darling, also called by plaintiff, who had likewise been waiting for a car, said that the boards along the track and all around them " looked good to me."

These were the only witnesses who testified to the visible condition of the plank before the accident, and nowhere in the case is there any evidence that there was any apparent defect in the plank which could have been discovered upon inspection. Under these circumstances it is clear that the city was not chargeable with negligence. As was held in a recent case (*Dougherty* v. *City of New York*, 146 App. Div. 727): " As the sidewalk was apparently safe, and the excavation was in connection with subway construction work, the city was not chargeable with constructive notice, and the complaint was properly dismissed as to it." (See, also, *Matthews* v. *City of New York*, 78 App. Div. 422; *Farrell* v. *City of New York*, 113 id. 687.)

As to the contracting company a like rule applies. Since the excavation of the street and temporary planking over the excavation was rendered necessary by its contract with the city, it cannot be charged with maintaining a public nuisance, and that the method adopted and the means

employed in covering over the excavation was in accordance
with sound engineering practice was undisputed. For the
jury to have found otherwise would have been to substitute
their uninformed opinion for that of educated and practical
experts.

Assuming, as I think we must, that the planking was
properly laid in the first instance, the contractor, no more
than the city, is to be held liable for a non-apparent defect
of which it had no notice, actual or constructive. We have
very recently decided in a similar case that the contractor's
duty is no greater than that of the municipality in the care
of its streets. (*Fithian* v. *Degnon Contracting Co.*, 175 App.
Div. 386; *Carr* v. *Degnon Contracting Co.*, 48 Misc. Rep. 531.)

It follows that there was no proof of negligence on the
part of either appellant and that their several motions to
dismiss the complaint at the end of the whole case should
have been granted.

The judgment and order should be reversed and the com-
plaint dismissed as to both appellants, with costs to said
appellants in this court and the court below.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Judgment reversed, with costs and complaint dismissed,
with costs.