LEMAN B. TREADWELL, Respondent, *v.* CITY OF YONKERS, Appellant.

Second Department, June 11, 1920.

Municipal corporations — negligence — injury to pedestrian by breaking of flagstone laid across gutter — action based on negligence only — when plan of structure may not be attacked — objection not available on appeal — issues not within pleading — burden of establishing notice to city that flagstone was defective — res ipsa loquitur.

Where plaintiff sues to recover for personal injuries caused by the alleged negligence of the city in the maintenance of a flagstone covering a basin in the gutter of an unsewered street, which under the circumstances the city was justified in constructing, he cannot, without an amendment of

his pleadings, attack the plan of the structure against the defendant's objection. By so doing he attacks a *quasi* judicial or discretionary power of the defendant in an action wherein the complaint is limited to an attack upon the ministerial power of the defendant in the maintenance of the structure.

The defendant was protected from such attack against its plan of construction in a civil action unless the plaintiff established that the plan as made and executed was not adopted or approved by the municipal authorities, and in the absence of any evidence on that issue the presumption is against the plaintiff.

The objection to testimony as to an improper plan, although made by the defendant upon the ground that the question was one of fact for the jury, was effective if the evidence was in no aspect of the case competent and could not be made so. Such evidence was not within the pleading and could not be made competent either by amendment at trial or upon argument of the appeal.

Regarding such flagstone over the gutter which was used by pedestrians as a city street or way, the defendant was not an insurer, and where the stone broke as the plaintiff was crossing, he must establish notice of its defective condition on the part of the defendant or the legal equivalent thereof called constructive or implied notice.

Proof of actual notice of a defect was not essential, for the defendant was bound to exercise a reasonable degree of watchfulness under the circumstances. But in the absence of proof that the flagstone showed any sign of break or impairment, its insufficiency is not established by merely showing that it bore the marks of the tires of passing vehicles. Such marks do not establish that the stone was defective in cohesive quality.

The rule of evidence known as *res ipsa loquitur* does not apply under the circumstances aforesaid.

APPEAL by the defendant, City of Yonkers, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 13th day of November, 1919, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 27th day of January, 1920, denying defendant's motion for a new trial made upon the minutes.

*William A. Walsh, Corporation Counsel,* for the appellant.

*Humphrey J. Lynch* [*Leman B. Treadwell* with him on the brief], for the respondent.

JENKS, P. J.:

It appears that the trend of the unsewered street justified the construction of a basin in the gutter. The basin was

covered by a flagstone of which one end rested upon the top of the curb and the other end was set in the roadway level with the crown of the street. Pedestrians frequently made use of the flagstone as a bridge over the gutter from sidewalk to roadway. The plaintiff did so daily. It was not, however, a crosswalk. Between 7 and 8 A. M. of a clear July day the flagstone broke beneath plaintiff's footfall. He has recovered substantial damages for a personal injury that followed his fall.

He complained only for negligence in the maintenance of this flagstone. But without even attempt to amend his pleading, and despite objection and exception, the plaintiff attacked the plan of this apparatus. Thus he attacked a *quasi* judicial or discretionary power of the defendant, in an action wherein the complaint was limited to attack upon the ministerial power of the defendant in maintenance of the improvement. (*Urquhart* v. *City of Ogdensburg,* 91 N. Y. 67; *Pitman* v. *City of New York,* 141 App. Div. 670, and cases cited; *Paine* v. *Village of Delhi,* 116 N. Y. 224.) Although the court, after submission in its main charge of the propriety of the plan, did by an instruction seem to exclude to a degree that feature, I am not clear that the general verdict of the jury did not rest, at least in part, upon the testimony as to the improper plan. But the defendant was protected from such attack by civil action against the plan (authorities, *supra*) unless the plaintiff established that the plan as made and executed was not adopted or approved by the authorities of the defendant — moreover, in any event no evidence was adduced by the plaintiff to show such failure of adoption or approval, and the presumption was against him. (*Owen* v. *City of New York,* 141 App. Div. 217, 221, cited in *Stern* v. *International R. Co.,* 220 N. Y. 294.)

The objection to the testimony as to the improper plan, although made upon the ground that the specific question addressed to the expert was one of fact for the jury, nevertheless was effective if the evidence was in no aspect of the case competent or could not be made so. (*Tooley* v. *Bacon,* 70 N. Y. 34, 37.) The evidence was not within the pleading, and could not be made competent either by amendment at trial, or upon argument of the appeal. (*Fisher* v. *Rankin,* 27 N. Y. St. Repr. 582, and authorities cited.)

Let us now consider the question of the failure in the ministerial duty of maintenance. If we regard this flagstone in its use by the plaintiff and others as within the category of a city street or way (*Requa* v. *City of Rochester*, 45 N. Y. 129; *Saulsbury* v. *Village of Ithaca*, 94 id. 30; *Schafer* v. *Mayor*, 154 id. 466), nevertheless the defendant was not an insurer. (*Osborne* v. *Village of North Tarrytown*, 180 App. Div. 224.) Notice or its legal equivalent, sometimes called constructive or implied notice, was essential to the plaintiff's case. (Dillon Mun. Corp. [5th ed.] § 1742.) Upon the evidence adduced, the plaintiff's case must have rested upon the contention that the defendant was culpable in permitting the flagstone to remain as a way after its condition should have warned the defendant of its instability.

It is true that actual notice was not essential, for the defendant was bound to exercise a reasonable degree of watchfulness under the circumstance. (*McCarthy* v. *City of Syracuse*, 46 N. Y. 194; *Pitman* v. *City of New York*, 141 App. Div. 673, and cases cited.) But there was no direct proof that the flagstone at any time showed sign of break or of impairment. On the contrary, the plaintiff himself testified that he had never seen any break and he did not testify to any sign of impairment save as it is involved in his theory hereafter considered. He also testified that at 5:35 P. M. of the July day before the casualty of 8 A. M. of the next day, he passed over the flagstone safely, and that when he approached the flagstone on the latter day it appeared in good condition. He did not testify that he saw any sign of break or of impairment before, at or after the casualty.

I now come to consideration of the condition of the flagstone upon which the proposition of defendant's liability rested. If I do not misread the bill of particulars and mistake the plaintiff's testimony, his proposition rests upon the disturbance of the " molecular cohesion of the constituent parts of the flagstone." He testified that theretofore he had seen wagons pass over the end of the flagstone that projected into the roadway, not only where the end was level with the surface, but where the stone, as it was raised from that end to span the gutter, made an obstacle, and he even spoke of occasions when a wagon moved its wheels up on to the flagstone. He testified that he had seen marks on the flagstone made by

the metal of the wheel or wheels when the load was heavy enough to make the impress. He testified that these marks proved that the cohesive qualities of the stone were not equal to the cohesive qualities of the metal tires.

Let us concede that conclusion. The proposition, then, is that such marks constituted notice, and if thereafter the defendant permitted the flagstone to remain as a way, the defendant might be found negligent, or that if the defendant continued to permit wagons thus to mark the flagstone and suffered the flagstone to remain a way, the defendant was negligent. But it does not follow that because the cohesive quality of the flagstone was inferior to that of the metal tires, the cohesive quality of the stone was not sufficient to sustain a wayfarer like the plaintiff at the time he attempted his passage.

The plaintiff went no further with testimony. There was no proof that such tire marks would indicate to any observer in the exercise of reasonable care, or any inspector of like prudence, that the flagstone was, or would become by the time the plaintiff used it, unsafe for passage. On the other hand, there is testimony by the defendant's engineer, neither challenged nor contradicted, that he knew of no indication that could be seen by any one that indicated that such a stone was about to break before it did break. The theory is too conjectural, and too far fetched, to establish negligence. Its speculation and remoteness are accentuated by the fact that the plaintiff himself, when asked on cross-examination how danger could have been foreseen, took refuge in the sole statement that the city officers could "have selected a proper stone in the first instance." And when he thereupon was asked what objection he had to this stone — what fault — he answered, "As a general proposition, I have none." There was no testimony that this flagstone was not proper, or that any kind of flagstone could have been used that would remain unmarked by the metal tires of such wagons.

It is possible that in the period that intervened 5:35 P. M. of one July day and 8 A. M. of the next day some force may have broken, cracked or impaired this flagstone. But if conjecture were fact, the defendant could not in the absence of actual notice be cast in liability for negligence.

The language of FINCH, J., for the court in *Taylor* v. *City* *of Yonkers* (105 N. Y. 202) is apt: " I am quite willing to hold cities and villages to a reasonable performance of duty; but I am not willing to make them practically insurers by founding their liability upon mere possibilities." The rule of evidence known as *res ipsa loquitur* was not invoked and did not apply. (*Cunningham* v. *Dady*, 191 N. Y. 152; *Schmidt* v. *City of New York,* 179 App. Div. 667.) The defendant did not control the " causative force " as presented by the evidence. (S. & R. Neg. [6th ed., Street] § 58b.)

I advise reversal of the judgment and order and the granting of a new trial, with costs to abide the event.

MILLS, RICH, PUTNAM and BLACKMAR, JJ., concur.

Judgment and order reversed and new trial granted, with costs to abide the event.