THERESA DWYER, Respondent, *v.* L. M. NECKERMAN CO., INC., Appellant.

First Department, March 2, 1928.

Nuisance — what constitutes — action to recover damages suffered by plaintiff when she fell on sidewalk bridge in front of building in process of construction — bridge was erected and maintained under municipal permit — no evidence of negligent construction or maintenance — structure was at most technical nuisance and contributory negligence is defense.

The plaintiff seeks on the theory of alleged nuisance to recover for injuries she suffered when she fell while passing over a sidewalk bridge in front of a building in the process of construction. The bridge was erected under a municipal permit and there is no evidence that it was not properly constructed or that it was improperly maintained. The cause of the accident seems to have been the sagging of one end of a plank about five inches when plaintiff placed her foot thereon.

At the most the maintenance of the sidewalk bridge was a technical nuisance and, therefore, contributory negligence is a defense.

The plaintiff did not present any evidence of negligence for there was no proof of a prior defect known to the defendant either through direct or constructive notice.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 10th day of June, 1927.

*F. Matthew Buermann* of counsel [*Barnett Cohen* and *William E. Lyons* with him on the brief; *Frank J. O' Neill,* attorney], for the appellant.

*Frank L. Tyson* of counsel [*Ralph O. L. Fay* with him on the brief], for the respondent.

O'MALLEY, J. The plaintiff seeks damages for personal injuries. Originally based upon negligence, her complaint was amended to allege nuisance and the charge of negligence was withdrawn.

The defendant under the authority of a municipal permit maintained the usual sidewalk bridge in front of a building it was erecting on East Forty-second street. While no evidence showing compliance with the terms of permit was offered, proof of proper and safe construction was furnished. The planks which ran lengthwise of the sidewalk were four inches thick by twelve inches in width and some sixteen feet in length. Their ends rested on twelve by twelve crossheads which were eight feet in length. The ends of the planks were fastened with sixty penny spikes.

The bridge had been in use some three months, according to the defendant's evidence, and from five to nine months, according to the plaintiff's. No change in the original construction had been made. The only use made of the bridge, aside from the usual pedestrian traffic, was its use for taking across it light material into the building. Trucks were in the habit of backing up to it, but there was no evidence that the structure had been in any way disturbed or weakened by use.

When plaintiff, a woman weighing about 235 pounds, crossed it, one end of a plank sagged down a distance variously estimated from two to five inches. Her left foot went down as far as her ankle and she was thrown and sustained injuries. The plank appeared to be in place until stepped upon. Plaintiff and other witnesses had passed over the bridge regularly for some time prior to the accident, but noticed no defect. One witness testified merely that he had noticed the plank " loose like," or " somewhat loose," but on the other hand testified it had never sagged. The defendant

gave evidence tending to show that it had daily inspected the bridge and had never discovered any defects.

In this state of the proof the plaintiff failed to establish liability on the part of the defendant. As it maintained the structure under the authority of a municipal permit the case was one of technical, rather than of absolute, nuisance and the issue of defendant's negligence was thus presented. (*McFarlane* v. *City of Niagara Falls,* 247 N. Y. 340; *Schmidt* v. *City of New York,* 179 App. Div. 667; affd., 228 N. Y. 572. See, also, authorities collated in *Hartman* v. *Lowenstein,* 90 Misc. 686.) From what already appears, no adequate evidence of negligence was presented. There was none to show prior defect and none, of course, of any notice, either express or constructive, to the defendant.

It follows that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Dowling, P. J., Finch, McAvoy and Martin, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.