(122 App. Div. 483.)

HIGBIE v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. November 29, 1907.)

1. MUNICIPAL CORPORATIONS—TORTS—DUTIES ABSOLUTELY IMPOSED—RESPONDEAT SUPERIOR—LIABILITY OF MUNICIPAL CORPORATION.

The doctrine of respondeat superior applies to municipal or governmental corporations in respect to duties put upon them, even though a municipal corporation may not be liable for acts or omissions of officers who by statutory direction have only duties which belong to the administration of the state government.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1569.]

2. MASTER AND SERVANT—INJURIES TO SERVANT — NEGLIGENCE OF FELLOW SERVANT—EMPLOYÉS OF MUNICIPAL CORPORATION.

Plaintiff was employed by the board of education of a city as a cleaner in a schoolhouse under the janitor thereof, and in cleaning the water-closets with a liquid mixture, given him by the janitor for that purpose, his hands were burned. Held, the negligence, if any, was that of a fellow servant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 450.]

Appeal from Trial Term, Queens County.

Action by Daniel Higbie against the board of education of the city of New York. From a judgment of dismissal, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

James C. Van Siclen, for appellant.

Theodore Connoly (Royal E. T. Riggs, on the brief), for respondent.

GAYNOR, J.   The complaint was dismissed on the opening on the ground, it is said, that the defendant is not liable for the negligent acts or omissions of its employés—that the rule of respondeat superior does not apply to it.   The case stated by counsel was that the plaintiff was employed by the defendant as a cleaner in a schoolhouse under the janitor thereof; that the janitor gave him a pail of mixture of water and some other liquid and told him to clean the water-closets with it, and that in using it it burned his hands.   The complaint says the liquid mixed with the water was some kind of an acid, and the negligence charged therein is that the defendant did not give the plaintiff proper warning and instructions in respect of the mixture.

The doctrine of respondeat superior applies to municipal or governmental corporations in respect of duties put upon them.   Cases like Maxmilian v. Mayor, 62 N. Y. 160, 20 Am. Rep. 468, Ham v. Mayor, 70 N. Y. 459, Donovan v. Board of Education, 85 N. Y. 117, and Bassett v. Fish, 75 N. Y. 303, are not to the contrary when read with discrimination.   They merely hold that a municipal corporation is not liable for the acts or omissions of officers who though appointed by it or by the mayor or some other officer of it by statutory direction have only duties which belong to the administration of the state government to perform, such as in public education, the public charities, the police, the prevention and extinction of fires, and the like, and which are not put upon the corporation, instead of duties put upon the corporation itself by statute.   In Bassett v. Fish, 75 N. Y. 303, it was held that the trustees of a school district were not liable for negligence for a hole in the schoolhouse floor, for the reason that the board of education of the district was a full body corporate, and liable for such negligence, the duty of taking care of the school house being put upon it by the statute, and it being therefore liable for the negligent acts or omissions of its officers or agents, which the trustees were.   That the rule of respondeat superior does not apply to a public officer in respect of the negligent acts or omissions of persons employed or appointed by him to assist in the performance of his duties, as was decided in Donovan v. McAlpin, 85 N. Y. 185, 39 Am. Rep. 649, does not gainsay that such rule does apply to a municipal or governmental corporation in respect of its duties (Bieling v. City of Brooklyn, 120 N. Y. 98, 24 N. E. 389).   If it be said that there is no logical foundation for such a distinction, it suffices that the distinction exists by controlling authority, and against that logic has to give way for the time being in the law.   The headnote to the report of the case of Wahrman v. Board of Education, 187 N. Y. 331, 80 N. E. 192, does not state that a municipal or governmental corporation is not subject to the rule of respondeat superior, and the opinion read with discrimination, and in connection with the cases

it cites, does not require us to so hold in the face of all the explicit authority to the contrary. Indeed, cases based on the contrary are tried in our courts daily and upheld on appeal.

But in this case if there was any negligence it was that of a fellow servant in putting too much of the acid in the water. The mixing of water and acids for the cleaning of sinks and water-closets is a common thing by servants in households.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur; JENKS, J., in result.