McCARTON v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department.   March 8, 1912.)

1. APPEAL AND ERROR (§ 193*)—REVIEW—QUESTIONS NOT RAISED BELOW.

An objection to a complaint on appeal that it does not sufficiently allege presentation of a claim against a city and service of notice of intention to sue will not be considered, since, if raised below, it might have been obviated by amendment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1226–1240; Dec. Dig. § 193;* Fraudulent Conveyances, Cent. Dig. § 993.]

2. APPEAL AND ERROR (§ 233*)—REVIEW—EXCEPTIONS—SUFFICIENCY.

Where a complaint is dismissed, plaintiff is not required to ask leave to proceed with the trial, but may rest on his exception to the dismissal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 233;* Trial, Cent. Dig. § 192.]

3. EVIDENCE (§ 29*)—MUNICIPAL CORPORATIONS (§ 857*)—JUDICIAL NOTICE—MUNICIPAL LAW—INJURIES FROM DEFECTIVE SCHOOL PROPERTY.

A complaint, alleging that the death of plaintiff's testator was caused by the negligence of a municipal corporation in maintaining a flag pole on a school building in a dangerous condition, is insufficient, where, by law, the municipal corporation is not given the care and control of property acquired for school purposes; the court taking judicial notice of the public law.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 29;* Municipal Corporations, Cent. Dig. § 1812; Dec. Dig. § 857.*]

4. MUNICIPAL CORPORATIONS (§ 847*)—LIABILITY FOR NEGLIGENCE OF NUISANCE—SCHOOL PROPERTY.

The city of New York is not liable either on the theory of nuisance or negligence for maintaining a school building or a flag pole thereon in a dangerous condition, since by Greater New York Charter (Laws 1901, c. 466) § 1055, the care and control of property acquired by the city for school purposes is given to the board of education and not to the city.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1803; Dec. Dig. § 847.*]

5. SCHOOLS AND SCHOOL DISTRICTS (§ 89*)—BOARDS OF EDUCATION—LIABILITY FOR TORTS.

The board of education of the city of New York is liable for erecting or maintaining on a school building, with notice that it is unsafe, a flag pole in a position endangering the lives of those lawfully in the vicinity.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 208; Dec. Dig. § 89.*]

Action by Edward F. McCarton, as administrator of Edward McCarton, deceased, against the City of New York and another. Judgment was rendered dismissing the complaint as to both defendants. On motion for a new trial on exceptions ordered to be heard in the first instance at the Appellate Division. Motion denied as to the City of New York and granted as to the Board of Education of the City of New York.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and MILLER, JJ.

Herbert C. Smyth (Roderic Wellman, on the brief), for appellant. Loyal Leale (Terence Farley, on the brief), for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J. [1] Counsel for the respondents attempt to sustain the action of the trial court upon the ground that the complaint fails to allege facts showing a compliance with the requirements of chapter 572 of the Laws of 1886, with respect to filing a notice of intention to bring the action with the corporation counsel, and of presentation of the claim to the Comptroller. It is alleged in the complaint that due notice of the accident, and of the claim arising thereunder, and of plaintiff's intention to bring an action, was given as required by law to the Comptroller and to the corporation counsel, and that more than 30 days have elapsed, and that the claim has not been adjusted. The record does not show that this objection was taken on the trial. If it had been there taken, the allegations of the complaint are sufficient to warrant an amendment to show full compliance with the requirements of these statutory provisions, and therefore the objection cannot prevail here.

On the trial a jury was impaneled, and counsel for the appellant opened the case. Thereupon counsel for defendants moved separately in behalf of each to dismiss the complaint on the ground that actionable negligence was not shown, and, in behalf of the city, on the further ground that it was not liable for acts or omissions of the board of education. The motions were granted, and an exception was duly taken, and counsel for plaintiff insisted upon his right to go to trial upon the theory of negligence on the part of each defendant; but he was not permitted to do so, and an exception was also taken to the refusal. Counsel for appellant now contends that he was entitled to go to the jury, not only upon the theory of negligence, but also on the ground of liability for a nuisance.

[2] After the court dismissed the complaint, counsel for appellant was not required to ask leave to proceed with the trial, and the rights of his client would have been fully preserved by resting on the exception to the ruling. The only importance to be attached to his request to proceed with the trial is as indicating the theory of the action.

It appears that on the 30th day of October, 1908, the decedent was passing along 166th street, a public highway in the borough of the Bronx, New York, and was struck by a flag pole about 70 feet in length, which fell from the roof of the Morris High School adjacent to the public street, and he died from the injuries inflicted. The action is to recover the pecuniary loss sustained by his father.

[3, 4] It is alleged in the complaint that the defendant the board of education is a corporation duly organized under the laws of New York; that both defendants "own and control" the high school, and the land upon which it is erected, for educational purposes; that the decedent's death was caused "by the negligence and wrongful acts of the defendants, their agents and servants, in the erection, maintenance, and control of said flag pole and its appurtenances"; and that the defendants "maintained said building and the flag pole thereon, with the said flag pole in an unsafe, threatening, and dangerous condition, for a long period of time prior to said accident, and the defendants had knowledge thereof." Ordinarily these allegations would be sufficient to entitle the plaintiff to go to trial on the theory that he might

be able to prove the facts; but where a municipal corporation is a defendant, and its rights, powers, and duties in the premises are prescribed by public law of which the court takes judicial notice, the question as to whether it is chargeable with negligence or with having created, or with maintaining a nuisance with respect to a building used for educational purposes, is to be determined by the provisions of the statute; and where, as here, it appears that the city could not have erected or maintained the building, and that the entire custody and control of the building was in the other defendant, the court was justified in dismissing the complaint as to the city without going through the useless ceremony of receiving proof, or offers to prove, on the part of the plaintiff.

By virtue of the provisions of section 1055 of the Greater New York Charter, the *title* to all property, both real and personal, acquired by purchase, bequest, or devise, for school or educational purposes, is vested in the city; but the care and control of the property is given to the board of education, and it is expressly provided that suits in relation to such property shall be brought in the name of said board. Section 1064 of the charter provides that the board of education shall submit estimates of funds required for educational purposes for each fiscal year, and that it shall administer the moneys appropriated or available for such purpose. Section 1066 authorizes it to lease property required for educational purposes. Section 1067 authorizes the board of education to appoint a superintendent of school buildings and other subordinates and to suspend or remove them for cause, and section 1068 authorizes it to prescribe their duties, and sections 1071 and 1073 give the board directly, and through its appointee, the superintendent of buildings, who is declared to be its executive officer and subject to the by-laws, control of the selection and acquisition of sites, and the preparation and erection of new buildings for school purposes, and the alteration and repair of existing buildings; and the duty is expressly enjoined upon it to make such provision by its by-laws "as will secure prompt and efficient service for the * * * erection of new buildings for school purposes, and for the alteration and repair of existing buildings." It is quite evident from these statutory provisions that the city could not be responsible for the acquisition or erection or maintenance of the school building in question, and therefore it is not liable on the theory that it has erected or was maintaining a nuisance. See Uggla v. Brokaw, 117 App. Div. 586, 102 N. Y. Supp. 857. And it follows that the city is not liable on the theory of negligence for the acts or omissions of the board of education. Ham v. Mayor, 70 N. Y. 459.

[5] I am of opinion, however, that the complaint states a good cause of action against the board of education. If it erected or maintained this flag pole, which was unfit for the purpose in that it was rotten and never should have been selected for such use, in a position to endanger the lives of those lawfully in the vicinity of the building, with notice, as alleged, and as stated in the opening, that it was in an unsafe condition, it is clearly liable, either upon the theory of having erected or of maintaining a nuisance, depending upon whether the original erection was unsafe, or the flag pole was maintained with actual knowl-

edge that it was in a dangerous condition, or upon the theory of negligence, depending upon its failure to perform its statutory duty to provide for "prompt and efficient" repairs. Ahern v. Steele, 115 N. Y. 203, 22 N. E. 193, 5 L. R. A. 449, 12 Am. St. Rep. 778; Uggla v. Brokaw, supra; Wahrman v. Board of Education, 187 N. Y. 331, 80 N. E. 192, 116 Am. St. Rep. 609, 10 Ann. Cas. 405; Bassett v. Fish, 75 N. Y. 303. Here, not only was the power given to the board of education to determine whether or not the school building should be used, but with respect to construction, alterations, and repairs, and for its own negligence, at least, it is clearly liable. Dillon, Mun. Corp. (5th Ed.) p. 2889; Higbie v. Board of Education, 122 App. Div. 483, 107 N. Y. Supp. 168. I do not deem it necessary at this time to consider at length whether the dictum in Wahrman v. Board of Education, supra, to the effect that the rule of respondeat superior does not apply to the board of education with respect to any of its "subordinates or servants," is sound and should be followed; but it would seem that the board must be liable for the neglect of those whom it employs to perform duties not devolving on such employés, but upon it, by statute. See Higbie v. Board of Education, supra; Bieling v. City of Brooklyn, 120 N. Y. 98–106, et seq., 24 N. E. 389; Moest v. City of Buffalo, 116 App. Div. 657, 101 N. Y. Supp. 996, affirmed 193 N. Y. 615, 86 N. E. 1128.

It follows, therefore, that the exceptions to the dismissal of the complaint as against the city should be overruled, and judgment directed for the city, and the exceptions to the dismissal as to the board of education sustained, and a new trial granted, with costs to appellant to abide the event. All concur.