### BELLOS v. ATHENS HOTEL CO.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

1. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—QUESTION FOR JURY —NEGLIGENCE OF MASTER.

   Where a hotel steward, who was injured by the falling of a wall which he was helping to knock down, testified that an officer of the company put him to work and, upon the steward's objecting to the danger of the wall falling, agreed to give warning if there was any danger of the wall falling, the plaintiff was entitled to go to the jury on the question whether the method of doing the work as prescribed by the company was safe.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

2. APPEAL AND ERROR (§ 173*)—PRESENTING QUESTIONS IN LOWER COURT— GROUND FOR NONSUIT.

   Where the defendant moved for a dismissal in the lower court on the ground that no negligence was shown, it cannot, on appeal, raise the point that the negligence shown was not that pleaded, since that objection, if raised below, could have been cured by amendment of the complaint; the evidence having been admitted without objection.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079– 1089, 1091–1093, 1095–1098, 1101–1120; Dec. Dig. § 173.*]

3. MASTER AND SERVANT (§§ 288, 289*)—INJURIES TO SERVANT—QUESTIONS FOR JURY—CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISK.

   Where a hotel steward, who was helping to knock down a wall under the directions of an officer of the hotel company, was informed by his employer that if there was any danger of the wall falling he would be warned, it could not be considered as a matter of law that he was negligent or assumed the risk.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068– 1088, 1089, 1090, 1092–1132; Dec. Dig. §§ 288, 289.*]

Appeal from City Court of New York, Trial Term.

Action by Stathes Bellos against the Athens Hotel Company. From a judgment dismissing complaint at the close of plaintiff's case, plaintiff appeals. Reversed, and new trial granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Joseph B. Rosenback, of New York City, for appellant.
Walter G. Evans, of New York City, for respondent.

BIJUR, J. This action was brought to recover damages for personal injuries suffered by an employé in knocking down a wall. He was a steward in the employ of defendant, whose officer put him to work to help destroy this wall, and when plaintiff pointed out that the wall was shaky, and might fall, the officer told him that he would

---

let him know if there was any danger of the wall falling. It did, however, fall without any warning, and plaintiff was injured.

[1] The motion to dismiss was made on the ground that no negligence of the defendant was shown; but it is evident that plaintiff was entitled to go to the jury on the question whether the manner of doing this work as prescribed by the defendant itself was safe. McGovern v. Central Vermont R. R. Co., 123 N. Y. 280, 288, 25 N. E. 373.

[2] The defendant respondent now claims that plaintiff showed no negligence *as pleaded* in the complaint, which is quite true, because the negligence there pleaded was as to an unsafe place and insufficient means of shoring up the wall. But defendant did not make that point below; consequently it is not available here. Had it been made below, plaintiff would, on the evidence admitted without objection, have been entitled to amend his complaint. McCarton v. City of N. Y., 149 App. Div. 516, 133 N. Y. Supp. 939.

[3] Respondent also claims that the plaintiff was guilty of contributory negligence, or assumed the risk of injury from the accident. Although the case was not brought under the Employers' Liability Law, it cannot be said, as matter of law, that plaintiff was not entitled to recover. Those issues were for the jury. See particularly Leddy v. Carley, 78 Misc. Rep. 546, 139 N. Y. Supp. 227.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.