(162 App. Div. 132)

### KATZ v. BOARD OF EDUCATION OF CITY OF NEW YORK et al.
### (No. 5688.)

(Supreme Court, Appellate Division, First Department. May 1, 1914.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 120*)—NEGLIGENCE OF SCHOOL OFFICERS —INJURIES TO PUPILS—ACTIONS—PLEADINGS.

A complaint in an action against the board of education of the city of New York for injuries to a pupil, which alleged that, while the pupil was engaged in exercises in the playground by the direction of the teachers, he was injured because of the defective flooring of the playground, and that the board maintained the school building and playground as a public

'For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

school, and there received many pupils, of which plaintiff was one, for a long time after the building was well known to the board to be in a dangerous condition, stated a cause of action for negligence.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 277; Dec. Dig. § 120.*]

2. APPEAL AND ERROR (§ 173*)—ISSUES—GROUNDS OF DECISION—REVIEW.

Where the complaint and opening statement of plaintiff's counsel showed a cause of action for negligence, a dismissal on the merits could not be sustained on appeal, on the ground that the complaint was predicated on a nuisance, though plaintiff, after the dismissal, asked to go to the jury on the theory of a nuisance.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1089, 1091–1093, 1095–1098, 1101–1120; Dec. Dig. § 173.*]

Appeal from Trial Term, New York County.

Action by Samuel Katz, an infant, by guardian ad litem, against the Board of Education of the City of New York and another. From a judgment dismissing the complaint on the merits as against the Board of Education, after the discontinuance of the action against defendant City of New York, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Herman Herst, Jr., of New York City, for appellant.

Terence Farley, of New York City, for respondent.

McLAUGHLIN, J. This action was brought against the city of New York and the board of education of the city of New York to recover damages for personal injuries alleged to have been sustained by the plaintiff while attending one of the public schools in the city of New York. At the beginning of the trial, plaintiff's counsel elected to discontinue the action as against the city of New York and to proceed against the board of education alone.

Upon the pleadings and opening of plaintiff's counsel, the complaint was dismissed upon the merits, and from the judgment entered to that effect, plaintiff appeals.

[1, 2] It is sought to sustain the judgment on the ground that the action was brought to recover damages caused by the maintenance of a nuisance. The complaint clearly states a cause of action for negligence. It charges that, while the plaintiff was a scholar in one of the public schools of the city of New York, he was directed by the authorities and teachers in said school to engage in certain games and exercises in the playground, and—

"that, while so engaged, plaintiff, because of the defective, worn, and dilapidated condition of the flooring of said playground and the defective construction of the same, was caused to fall, sustaining severe, painful, and permanent injuries; * * * that the said defendants maintained said school building and the playground and flooring thereof aforesaid as a public school, and there received and instructed many pupils, of which plaintiff was one, for a long time after the same was, and was well known to the defendants to be, in an unsafe and dangerous condition, and it was in said condition at the time of the accident above described."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

)

Not only the complaint, but the opening of plaintiff's counsel as well, indicates that a recovery was sought on the ground that the injuries were caused solely by defendant's negligence. It is true, after the complaint had been dismissed and an exception taken to the ruling, plaintiff's counsel asked to go to the jury on the ground that the allegations of the complaint were sufficient to charge the board of education with maintaining a nuisance; but this request did not change the allegations of the complaint, or what counsel stated in the opening would be proved. Where a complaint is dismissed upon the opening of plaintiff's counsel, not only the complaint, but also the opening, must receive a liberal interpretation. McCarton v. City of New York, 149 App. Div. 516, 133 N. Y. Supp. 939.

After the court had dismissed the complaint, counsel for plaintiff was not required to ask leave to go to the jury, because the rights of his client were fully preserved by resting on the exception to the ruling. The only importance to be attached to the request is that in the opinion of counsel, if the complaint did not state a cause of action for negligence, then it might be considered as stating one for a nuisance; in other words, the client having failed upon one theory, it was sought to preserve his rights by trying to adopt another one.

The judgment appealed from, therefore, is reversed, and a new trial ordered, with costs to appellant to abide event. All concur.