JOHN VAN DYKE, as Administrator, etc., of CARRIE CHARLOTTE VAN DYKE, Deceased, Appellant, v. THE CITY OF UTICA, Respondent.

Fourth Department, October 11, 1922.

Municipal corporations — city of Utica — negligence — action for death of child caused by injuries received owing to defective condition of "chute" or "slide" on playground maintained voluntarily by city under General Municipal Law, art. 13 — error to dismiss complaint upon theory that city was acting in governmental capacity.

In an action against the city of Utica to recover damages for the death of a child resulting from injuries received owing to the defective condition of a "chute" or "slide" on a playground maintained by the city by virtue of article 13 of the General Municipal Law, a permissive legislative act, it was error to dismiss the complaint upon the theory that the city in maintaining the playground was acting in a governmental capacity, since the city, having voluntarily undertaken the enterprise of furnishing playgrounds, it is its duty to protect the children using them, at least from its own negligence.

APPEAL by the plaintiff, John Van Dyke, as administrator, etc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oneida on the 4th day of March, 1921, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case after a trial at the Oneida Trial Term.

*Michael Yust* [*William F. Dowling* and *E. C. Bastow* of counsel], for the appellant.

*Henry D. Williams* [*Arthur N. Gleason* of counsel], for the respondent.

DAVIS, J.:

By article 13 of the General Muncipal Law, added by chapter 215 of the Laws of 1917, cities of the second and third class and villages were authorized to establish, maintain and equip playgrounds and recreation centers, and employ directors, supervisors and other assistants therefor.* As the law existed at the time of the accident the recreation commission or other authority established by the municipality was authorized under certain conditions to receive gifts of land to carry on its work. In addition to any donations the municipality might annually appropriate a sum for the expenses of such playground as a city or village charge payable from current funds.

_____

* Since amd. by Laws of 1920, chap. 615, and Laws of 1922, chap. 391.— [NOTE BY THE COURT.

The city of Utica availed itself of this permissive legislation and created a recreation commission, and had established a playground on certain municipal lands during the year 1919. It inclosed it in part with a high woven wire fence, with openings giving access to the grounds. There was placed on the lot certain apparatus designed to afford amusement and recreation to children. One of these was called a " chute " or " slide." Plaintiff's intestate, a child of twelve years, with other children visited the playground on Sunday, August 10, 1919, and attempted to use this chute at a time when no directors of play were present. Owing to its defective and unsafe condition, as plaintiff claims, she was thrown to the ground and suffered injuries from which she died. The action is to recover damages for her death by the wrongful act and negligence on the part of the municipal authorities. A motion for nonsuit and dismissal of the complaint was granted on the trial at the close of the plaintiff's case.

The theory upon which the complaint was dismissed seems to have been that the city in maintaining this playground was acting in a governmental capacity and was, therefore, exempt from liability not only for the negligent acts of those in charge of the playground, but for any negligence on the part of the recreation commission who were charged with the duty of establishing, maintaining and operating the playground and the apparatus there used. We reach a different conclusion and think the dismissal of the complaint was error.

We appreciate the difficulty always to be encountered in cases of this character, of distinguishing between what is a public governmental function of a municipality performing certain duties as an agency of the State, and those other municipal activities which are sometimes called administrative and ministerial performed for its own benefit or that of its citizens. The line of demarkation is not always clear. The distinction is often arbitrary and the reason for a particular classification is somewhat hard to find upon any logical inquiry.

In *Maxmilian* v. *Mayor* (62 N. Y. 160) Judge FOLGER says: " There are two kinds of duties which are imposed upon a municipal corporation: One is of that kind which arises from the grant of a special power, in the exercise of which the municipality is as a legal individual; the other is of that kind which arises, or is implied, from the use of political rights under the general law in the exercise of which it is as a sovereign. The former power is private and is used for private purposes; the latter is public and is used for public purposes. * * * But where the power is intrusted to it as one of the political divisions of the State, and is conferred not for the

immediate benefit of the municipality, but as a means to the exercise of the sovereign power for the benefit of all citizens, the corporation is not liable for nonuser, nor for misuser by the public agents."

It is generally recognized that public governmental functions include the exercise of certain powers and duties, such as maintaining peace and order through a police force, preventing and extinguishing destructive fires by means of a fire department, and the preservation of the health of the public by protection from infectious and contagious diseases through the health officers. This exercise of the sovereign power for the benefit of all citizens is an exercise of political rights. We cannot imagine a private individual undertaking such enterprises. It would not be practicable for individuals to attempt within a political subdivision to maintain peace and order, to carry on the work of extinguishing fires, or to enforce a sanitary code, or maintain a quarantine. But where the duties are cast upon a municipality, either by mandatory provisions of law or by those permissive only, which the municipality has adopted, and those duties are not in their nature governmental but could be carried on by individuals and relate to the convenience, the pleasure or welfare of the individual citizens, the municipality is then acting as a legal individual in a ministerial and administrative capacity. Correlative with the exercise of those duties is the obligation to perform them with reasonable care and vigilance. Failure to so perform, followed by injury, may result in liability for damages.

A few illustrations may be given where liability is incurred.

In *Katz* v. *City of New York* (162 App. Div. 132) the plaintiff, a scholar in one of the public schools, was injured while engaged in games and exercises in the playground because of the defective condition of the floor of the playground and its defective construction, known to the defendant to be in an unsafe and dangerous condition. A judgment at Trial Term dismissing the complaint was reversed.

In *Kelly* v. *Board of Education, No. 1* (191 App. Div. 251) the plaintiff was injured while using a defective springboard in one of the defendant's gymnasiums to which he was invited. The gymnasium was used as a recreation center for boys in the neighborhood. In affirming a judgment in favor of the plaintiff it was held that the duty rested on the defendant to use reasonable care to keep the premises and appliances in a safe and suitable condition so that invitees would not be unnecessarily and unreasonably exposed to danger. The springboard, having been out of repair for three or four weeks and its condition known to the director, the duty of the board of education was then to remove this defective apparatus

and not leave it in the gymnasium, or to take some means of notifying invitees of its dangerous condition and prohibit its use.

In *Jaked* v. *Board of Education* (198 App. Div. 113) the defendant was held liable for its negligent acts resulting in injury to a scholar while swinging upon an iron gate at the entrance to the school building, not equipped with a fastening device.

In *McCarton* v. *City of New York* (149 App. Div. 516) it was held error to dismiss the complaint where it appeared that plaintiff's intestate was killed by the fall of a flagpole from a school building, which had become defective and out of repair.

In *Pitman* v. *City of New York* (141 App. Div. 670) the plaintiff's intestate fell while descending the stairway of a comfort station maintained by the city, and was injured, it was claimed, by reason of the negligence of the municipality in maintaining the stairway in a dangerous condition. The complaint was dismissed at Trial Term, but the judgment was reversed on appeal.

The decisions just cited are those in the First, Second and Third Judicial Departments. Cases of a similar character have been decided in this department in harmony with those decisions, but without formal opinion. (See *Edinger* v. *City of Buffalo*, 155 App. Div. 944; affd., 213 N. Y. 674; *Herman* v. *Board of Education*, 200 App. Div. 854; affd., 234 N. Y. 196; *Ford* v. *Board of Education*, 202 App. Div. 826.)

These authorities show the modern trend of judicial reasoning in cases of this character. The city of Utica has undertaken the enterprise of furnishing playgrounds and recreation centers and invites small children there to play. The recreation commission employs supervisors and other assistants to maintain the grounds and direct the play. The commission may make rules governing the use of its playgrounds and apparatus, and may exclude therefrom all persons except at certain times when it may give proper supervision. As long as the grounds remain open and the apparatus ready for use, an invitation to children to come and use them is implied. Having assumed these duties, an obligation must rest with the municipality to protect children of tender years and experience, at least from its own negligence.

The playground was in use in June preceding the accident. The evidence as to just how long it had been in operation and the apparatus had been defective, and the knowledge or notice the recreation commission had of its condition, is rather incomplete. At any rate, the complaint was not dismissed by reason of insufficient evidence but on questions of law.

Regardless of whether the doctrine of *respondeat superior* applies in this case or not, the evidence is sufficient, we think, to present

a question of fact as to whether the city through its recreation commission either knew or was bound to know the defective condition of the chute or slide in question, and failed to perform its duty. The city cannot claim exemption from liability for the negligence of officers given direct charge and authority over the playgrounds and apparatus.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur; SEARS, J., not sitting.

Judgment reversed and new trial granted, with costs to appellant to abide event.