WILLIAM F. AUGUSTINE, as Administrator, etc., of JOHN B. AUGUSTINE, Deceased, Respondent, *v.* TOWN OF BRANT, Appellant, Impleaded with HENRY MILLER and Others, Defendants.*

Fourth Department, June 29, 1928.

* Revg. 131 Misc. 555; revd., 249 N. Y. 198.

*Ticknor & Pomeroy [Willard H. Ticknor* of counsel], for the appellant.

*Ward, Flynn, Spring & Tillou [Dana L. Spring* of counsel], for the respondent.

PER CURIAM. The defendant is a civil subdivision of the State. Still, under article 17-A of the Town Law (added by Laws of 1914, chap. 382, as amd.) it was authorized to acquire and manage the park and bathing beach. Had it availed itself of this permissive statute, liability might have resulted to it from the mishap involved in this action, since the defendant then would have been acting in a corporate as distinguished from a governmental capacity. (*Van Dyke* v. *City of Utica*, 203 App. Div. 26.) But it did not do so; hence it cannot be held liable for the tortious acts or the nonfeasance of its officers. (Dillon Mun. Corp. [5th ed.] §§ 1638–1659, and cases cited.)

The judgment below should be reversed on the law and facts, and the complaint dismissed, on the ground that the acts of the town board in acquiring and conducting this park, the acts held to have been a proximate cause of the death of plaintiff's intestate, were neither authorized nor ratified by this defendant. (*Delafield* v. *State of Illinois*, 2 Hill, 159; 26 Wend. 192, 227, 228; *Everson* v. *City of Syracuse*, 100 N. Y. 577; *Smith* v. *City of Newburgh*, 77 id. 130; *Brady* v. *Mayor of New York*, 20 id. 312.)

All concur, except HUBBS, P. J., and CLARK, J., who dissent and vote for affirmance. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment and order reversed on the law, with costs, and judgment directed in favor of the appellant dismissing the complaint, with costs.