MAY W. BOWLES, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 27906.)

Court of Claims, January 15, 1946.

*Robert C. Killough, Jr.*, for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Arthur W. Mattson* and *Sidney B. Gordon* of counsel), for defendant.

BARRETT, P. J.   During the morning of May 8, 1944, claimant, bound for the Office of the Clerk of Albany County where she intended to appear as a witness in a naturalization proceeding, walked up Maiden Lane and came to the corner of Eagle Street and then mistook the next building on the street, the Court of Appeals courthouse, for the Albany County courthouse and climbed the south stairs thereof.   At the entrance to the building, she discovered her mistake, walked north and started to walk down the north stairs which led to the sidewalk.   As she was proceeding, her left foot went into a hole or depression in the second step from the top and her toe became wedged therein causing her to fall.   The stairs were made of stone. The hole or depression was about four feet from the building. It was about three or three and one-half inches deep, about twenty inches long and about ten inches wide, being irregular in shape.

The State and its employees were negligent in the maintenance of said step.   Its condition indicated that it had gone through a process of disintegration which must have taken considerable time.   The State, therefore, must be deemed to have had actual or constructive notice of such defective condition of the step.   In any event, the State was in a better position than claimant to prove the duration of the condition and the issue should be resolved in claimant's favor.   (*Bayley* v. *Curtis Brothers Lumber Co.*, 124 App. Div. 496.)   It is apparent also that claimant used ordinary care in descending the stairs.   She was not bound to anticipate any danger and was not guilty of contributory negligence.   (*Swart* v. *Mayor of City of New York*, 52 Hun 610, opinion in 5 N. Y. S. 98.)

The State however, contends that claimant was a mere licensee and as such the State did not owe her the duty of providing safe premises for her use.

The building houses the Court of Appeals and was first known as the State-Hall, thereafter, as the State House and now as the Court of Appeals Hall, and is owned by the State.   (L. 1834,

ch. 66; L. 1912, ch. 520.) It is provided in section 4 of the Judiciary Law that "The sittings of every court within this state shall be public, and every citizen may freely attend the same", with certain limitations not applicable. Court-houses are generally regarded as public buildings, wherein the public may freely enter and observe the building and the proceedings conducted therein. The very nature of the build-ing implies an invitation to use it. (*Van Dyke* v. *City of Utica*, 203 App. Div. 26, 29.) The building being subject to use by the public, it was the duty of the State, as the owner thereof, to keep it reasonably safe for such use. That claimant had mistaken the building for the County courthouse did not make her a trespasser. She had the right to be on the premises and her reason for being there is immaterial. Whatever such reason was, the duty to reasonably protect her rested upon the State. This duty the State failed to perform and it is not necessary to determine whether she was an invitee or a licensee. (*Kittle* v. *State of New York*, 245 App. Div. 401, affd. 272 N. Y. 420; *Baker* v. *Seneca Hotel Corp.*, 265 App. Div. 41.) This is not a case of one who mistakenly enters upon private premises when his presence depended upon the con-sent of the owner, which consent had not been given. Here, claimant was engaged in the use of the public premises to which use she was entitled.

*Hall* v. *State of New York* (173 Misc. 903, affd. 265 App. Div. 1037) is distinguishable, as there, claimant's intestate was on the premises of the State for his own purposes and not in response to the invitation of the State. Therefore, the State owed him no duty.

An award is made in accordance with the accompanying deci-sion, but the claim for medical services is disallowed. Claim-ant was a married woman, her occupation being that of a house-keeper. Under these circumstances her husband was obli-gated to pay such medical expenses in the absence of testimony that claimant paid them.