BERTHA SCULLY, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 29777.)

Court of Claims, March 23, 1951.

*Nathan M. Medwin* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Joseph A. Drago* and *Edward L. Bookstein* of counsel), for defendant.

GORMAN, J. The claimant, Bertha Scully, suffered injuries as the result of a fall on the night of September 22, 1948, down the steps of Page Hall, one of a group of buildings of the New York State College for Teachers in Albany, Albany County, New York.

The college is located on the north side of Western Avenue and runs through to Washington Avenue. Page Hall is one of the center buildings and has its main entrance above grade on Western Avenue. This entrance has three double doors which open outwardly and are provided with automatic door checks. As one leaves the building there is a short step down, then a level area of about five feet leading to a descending stairway of ten steps, before reaching a second landing and other steps to the street. The steps and landings are of stone construction and large stone columns flank the respective doorways.

Mrs. Scully, who was sixty-six years of age, had arrived at Page Hall with a companion shortly after 8:00 P.M. to attend a moving picture entitled "Atom Bomb". This picture, according to the testimony of Ellen C. Stokes, Dean of Women

at the college, was being exhibited by the "Intervarsity Christian Fellowship", an organization of students recognized and sanctioned by the school authorities. Permission for the use of the auditorium on the main floor had been given to this group by the school for the purpose of a "get together" for the freshmen in the college. The students acted as ushers and attendants and a large number of people were present, including nonstudents. Whether or not the general public was expressly invited is not clear, but it appears that admission was never refused to the public and citizens were invited generally to many of the college extracurricular activities.

Neither the claimant nor her companion, Miss Kennedy, had any association with the college and Mrs. Scully had never been to Page Hall before, but she had heard about this picture and that it could be seen at Page Hall on the night she attended. They lived in the city of Rensselaer, New York, and had arrived at the school by bus, entered Page Hall through one of the basement entrances, and ascended some stairs to the main floor while the showing of the picture was already in progress. They sat in the rear of the auditorium and when the picture was over, at about nine o'clock, they were among the first persons to leave their seats. Upon entering the lobby, Mrs. Scully asked some young men who were standing there, the way to the street. One of them pushed open the center door leading to the outside and Mrs. Scully, followed by Miss Kennedy, passed through. Claimant then took two or three steps when the door closed, shutting off the light from the lobby. It was dark outside and the stairway was unlighted. There were no handrails and while trying to proceed, claimant slipped and fell down the ten steps to the next landing.

The State has waived its immunity from liability for the negligence of its agents in its charitable and other institutions. (*Flaherty* v. *State of New York*, 296 N. Y. 342.) It was responsible for the custody, keeping and management of the grounds and buildings of the Albany State College for Teachers. (Education Law, § 5512.) Failure to reasonably exercise this duty would impose liability for injury to students or other persons lawfully upon the premises. (*Jaked* v. *Board of Educ. of City of Albany*, 198 App. Div. 113, affd. 234 N. Y. 591.)

We think that claimant had a right to be on the premises and was entitled to a reasonably safe exit therefrom. (*Hovey* v. *State of New York*, 261 App. Div. 759, affd. 287 N. Y. 663; *Franczak* v. *State of New York*, 259 App. Div. 786; *Bowles* v.

*State of New York,* 186 Misc. 295.) Buildings of this sort are generally regarded as public buildings wherein the public may enter and observe at least such portions as are open to view. It is apparent that the entertainment offered was of unusual interest to the public, and being extracurricular, the State should have reasonably anticipated the attendance of citizens in a building generally open to the public. (*Swords* v. *Edgar,* 59 N. Y. 28; *Barry* v. *New York Central & H. R. R. R. Co.,* 92 N. Y. 289; *Birch* v. *City of New York,* 190 N. Y. 397.) Here, the State permitted a use of Page Hall that was public in its nature. Having permitted, if indeed it did not invite the claimant to be in the auditorium to witness this entertainment, the State should have provided sufficient lighting for her safe departure. A duty imposed by statute, or merely permissive, relating to the convenience, the pleasure or welfare of citizens, carries with it the obligation to perform those duties with reasonable care and vigilance. (*Van Dyke* v. *City of Utica,* 203 App. Div. 26.)

Under the circumstances, the State is chargeable with notice of the condition of the property and the steps leading therefrom and its failure to properly illuminate the exit was negligence. Claimant was not negligent.